# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**Kelvin Alvin Lashley**<br><br>    **Debtor**<br><br>**THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CIT MORTGAGE LOAN TRUST, 2007-1 ASSET-BACKED CERTIFICATES, SERIES 2007-1**<br><br>    **Movant**<br><br>**v.**<br><br>**Kelvin Alvin Lashley**<br><br>    **Debtor/Respondent**<br><br>**Alice Lashley**<br><br>    **Co-Debtor**<br><br>**Kenneth E. West, Esquire**<br><br>    **Trustee/Respondent** | **Bankruptcy No. 24-10595-amc**<br><br>**Chapter 13**<br><br>**Hearing Date: November 14, 2024**<br>**Hearing Time: 11:00a.m.**<br>**Location: Courtroom #4, United States Bankruptcy Court, 900 Market Street, Suite 400 Philadelphia, PA 19107** |

**MOTION OF THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CIT MORTGAGE LOAN TRUST, 2007-1 ASSET-BACKED CERTIFICATES, SERIES 2007-1 FOR RELIEF FROM THE AUTOMATIC STAYAND CO-DEBTOR STAY TO PERMIT THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CIT MORTGAGE LOAN TRUST, 2007-1 ASSET-BACKED CERTIFICATES, SERIES 2007-1 TO FORECLOSE ON 4 DONNY BROOK WAY, COLLEGEVILLE, PA 19426**

Movant, The Bank of New York Mellon, formerly known as The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 by and through the undersigned counsel,

hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification

of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Kelvin Alvin Lashley and Alice Lashley, filed a voluntary petition pursuant to

   Chapter 13 of the United States Bankruptcy Code on February 23, 2024.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334,

   11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes

   affecting the jurisdiction of the Bankruptcy Courts generally.

3. On March 14, 2007, Kelvin Alvin Lashley and Alice Lashley executed and delivered a

   Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in

   the amount of $500,000.00 to Wilmington Finance, Inc.  A true and correct copy of the

   Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on March 14, 2007 in Book 12069 at Page 0165, Instrument

   Number 2007038823 of the Public Records of Montgomery County, Pennsylvania.  A true

   and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 4 Donny Brook Way,

   Collegeville, PA, 19426 ("the Property").

6. A loan modification was entered into on January 17, 2017 creating a new principal balance

   of $476,548.13. A true and correct copy of the Agreement is attached hereto as Exhibit

   "C."}

7. The loan was lastly assigned to The Bank of New York Mellon, formerly known as The

   Bank of New York, not in its individual capacity but solely as Trustee on behalf of the

   holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-

   1 and same was recorded with the Montgomery County Recorder of Deeds on July 27,

2022 as Instrument Number 2022079316. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D."

8. Select Portfolio Servicing, Inc. is the servicer of the loan described in the Note and Mortgage and, as such, has the authority to initiate the instant action and any foreclosure on the Creditor's behalf.

9. Based upon the Debtor(s)' First Amended Chapter 13 Plan (Docket No. {___43___), the Debtor intends to cure Movant's pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining post-petition payments directly to Movant. A true and correct copy of the Debtor(s)' First Amended Chapter 13 Plan is attached hereto as Exhibit "E."

**10.** Co-Debtor(s), Alice Lashley are liable on and/or has secured the aforementioned debt with the Debtor(s).

11. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $5,151.56 which came due on July 1, 2024 through September 1, 2024, respectively.

12. Thus, Debtor(s)' post-petition arrearage totaled the sum of $15,454.68 through September 19, 2024.

13. The current unpaid principal balance due under the loan documents is approximately $587,740.24.  Movant's total claim amount, itemized below, is approximately $728,351.46. See Exhibit "G."

| | |
|---|---|
| Loan Balance for prior period | $587,740.24 |
| Interest on Loan Balance for this period | $64,358.64 |
| Accum NSF Charges | $20.00 |
| Escrow Advance | $59,490.80 |
| Recoverable Balance | $16,461.36 |
| Accum Late Charges | $446.76 |
| Suspense Balance | (-$166.34) |
| Total to Payoff | $728,351.46 |

14. According to the Debtor(s)' schedules, the value of the property is $662,992.00.  A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "H."

15. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

16. As set forth herein, Debtor has defaulted on his/her/their secured obligation as he/she/they has/have failed to make his/her/their monthly post-petition installment payments.

17. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

18. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Movant, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit The Bank of New York Mellon, formerly known as The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 to take any and all steps necessary to exercise any and all rights it may

have in the collateral described herein, to gain possession of said collateral, to seek recovery of its

reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed

by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just

and appropriate.

Date: October 22, 2024

**Robertson, Anschutz, Schneid, Crane
& Partners, PLLC**
Attorney for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
By: /s/ Robert Shearer
Robert Shearer, Esquire
PA Bar Number 83745
Email: rshearer@raslg.com